UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-203-F

| | |
|---|---|
| KATHRYN KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, ) | |
| and BROCK & SCOTT LAW PLLC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants Federal National Mortgage Association and Brock & Scott Law Firm's (collectively "Defendants") motions to stay pretrial deadlines and discovery [DE-11, -15]. Plaintiff has failed to file a response and the matter is now ripe for disposition. For the reasons that follow, the motions are ALLOWED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a complaint in North Carolina state court, alleging claims for breach of contract, unfair and deceptive trade practices, intentional infliction of emotional distress, and injunctive relief. Defendants removed the case to this court. The claims relate to a lease dispute and an alleged wrongful ejectment of the plaintiff from her primary residence. The Defendants argue a stay is warranted because they have filed a motion to dismiss that may dispose of the entire case. Plaintiff has failed to file a response to either motion.

## ANALYSIS

The court has broad discretion to stay discovery pending resolution of a motion to dismiss. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Motions to stay are generally disfavored because delaying discovery may cause case management problems as the case progresses or impede the court's responsibility to expedite discovery. *Simpson v. Speciality Retail Concepts*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *Kron Medical Corp v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988). The moving party bears the burden of showing good cause and reasonableness for a stay pending discovery. *Simpson*, 121 F.R.D. at 263.

Here, because Plaintiff has failed to respond to two motions to stay discovery, the court finds that she will not be prejudiced by the stay. Furthermore, the court cannot anticipate any case management problems that may result from staying discovery in this case. For example, because the Defendants requesting the stay are the sole Defendants named in the Complaint, the court will not be presented with the complex circumstance of discovery being stayed as to some defendants but not others. If the court allows the motions to dismiss in this case, the entire case will be dismissed and the time and effort of discovery would have been wasted. In the absence of any countervailing considerations, the court finds that this represents good cause to allow the stay.

## CONCLUSION

For the foregoing reasons, the Defendants's motions to stay discovery [DE-11, -15] are ALLOWED. Discovery and any other pretrial deadlines are hereby STAYED pending resolution of the Defendants' motions to dismiss.

SO ORDERED.

This the 30th day of October, 2013.

                                            *James C. Fox*
                                            JAMES C. FOX
                                            Senior United States District Judge