UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-203-F

| | | |
|---|---|---|
| KATHRYN KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) | |
| and BROCK & SCOTT, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendants Federal National Mortgage Association and Brock & Scott Law Firm's motions to dismiss [DE-9, -13]. For the reasons that follow, this case is DISMISSED for lack of jurisdiction, and the pending motions to dismiss are denied as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

In December, 2011, Kathryn Kennedy entered into a residential lease for a home located in Greenville, N.C. The lease was renewed in November, 2012 for an additional year. The owner of the property stopped paying the mortgage payments on the home in the fall of 2012 and the lender placed the home in foreclosure. Kennedy contacted an attorney regarding her tenancy rights in light of the foreclosure. Her attorney surmised that she qualified as a bona fide tenant under the Protecting Tenants in Foreclosure Act of 2009 ("PTFA") and informed her that her tenancy rights would survive the foreclosure sale. Kennedy's counsel also attended the foreclosure sale and notified the representative of the highest bidder, Defendant Brock & Scott law firm, that Kennedy intended to enforce her rights under the PTFA and remain a tenant at the

property. Although CitiMortgage was apparently the highest bidder at the foreclosure sale, it assigned all rights to the mortgage to Defendant Federal National Mortgage Association (commonly know as Fannie Mae), who is the current record owner of the home. CitiMortgage is not a party to this action.

Despite counsel's notice to Brock & Scott that the tenancy allegedly remained valid under the PTFA, Brock & Scott, acting as counsel to Fannie Mae, sent Kennedy a "notice to vacate" approximately two months after the foreclosure sale, in April, 2013. The notice provided that Kennedy must vacate the home within ten days. Kennedy, through counsel, sent a certified letter to Brock & Scott again informing it that Kennedy was asserting her rights under the PTFA and that the notice to vacate was therefore invalid. Although Brock & Scott failed to respond to this letter, it eventually responded to an email from counsel, requesting information about Kennedy's lease. Kennedy responded by providing a sworn affidavit that she entered into an oral lease prior to the foreclosure and providing an electric bill for the property in her name. Kennedy followed up multiple times over the course of several months, inquiring as to whether Fannie Mae and Brock & Scott intended to recognized her lease. Brock & Scott failed to respond to any of these inquiries. Instead, in August 2013, Brock & Scott obtained an ex parte writ of possession[1] from the sheriff and informed Kennedy (again) that she must vacate the premises.

In response to the writ of possession, Kennedy filed suit in Pitt County Superior Court, a North Carolina state court. Kennedy's complaint alleges claims for breach of lease, wrongful interference with contract, intentional infliction of emotional distress, and unfair and deceptive

---

[1] A writ of possession is part of North Carolina's statutory ejectment process for delinquent or otherwise improper tenants in possession. *See, e.g.*, *Smithers v. Tru-Pak Moving Sys., Inc.*, 121 N.C. App. 542, 468 S.E.2d 410 (1996).

trade practices. The complaint also requests a temporary restraining order and a preliminary injunction prohibiting Fannie Mae from pursuing further ejectment procedures. The superior court granted Kennedy's motions for temporary restraining order and preliminary injunction and Kennedy remains in possession of the home awaiting the ultimate outcome of this litigation. After the superior court imposed the preliminary injunction, Fannie Mae[2] removed this action to this court and filed a motion to dismiss for failure to state a claim.

## DISCUSSION

Section 1447(c) of Title 28, United States Code, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded [to state court]." 28 U.S.C. § 1447(c). Subject matter jurisdiction may not be waived by the parties and the court has an independent obligation to dismiss the case if it determines subject matter jurisdiction is lacking. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005).

Fannie Mae removed this action from state court under 28 U.S.C. § 1441, which allows for removal if the case originally could have been in federal court. § 1441(a). In light of federalism concerns, removal jurisdiction is not favored and the court therefore must "construe it strictly." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). Because Brock & Scott and Kennedy are both residents of the same state, removal in this case is predicated on federal question jurisdiction under 28 U.S. C. § 1331.

---

[2] Although Brock & Scott is also a named Defendant in this case, it represents both itself and Fannie Mae in this case. For purposes of clarity, the court refers to both Defendants collectively as "Fannie Mae" unless otherwise noted.

3

## A. Federal Question Jurisdiction

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* The statute is commonly referred to as "federal question jurisdiction." Typically, a case arises under federal law when federal law provides the cause of action, as in a Title VII or § 1983 case. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). However, in a "slim category" of cases, state law causes of action may arise under federal law where the state law claims raise a substantial issue of federal law. *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013); *Grable*, 545 U.S. at 312. The Supreme Court recently attempted to bring some clarity to this nebulous doctrine, holding that federal question jurisdiction over a state law claim is proper only if the state claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. The Supreme Court recently summarized the test as follows: the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S.Ct. at 1065.

## B. Well-Pleaded Complaint Rule

The well-pleaded complaint rule also governs whether a case presents an issue that "aris[es] under the Constitution, laws, or treaties of the United States" for purposes of § 1331. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The rule states that "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" does a case "arise under" the Constitution and laws of the United States. *Id.*; *Holmes Grp., Inc. v. Vornado Air*

*Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002); *King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003). Importantly—and contrary to Fannie Mae's arguments—under the well-pleaded complaint rule, the court may not consider matters outside the plaintiff's complaint for purposes of determining whether federal question jurisdiction exists. *Holmes Grp.*, 535 U.S. at 831 (court may not consider anticipated federal defenses or counterclaims for purposes of deciding whether federal question jurisdiction is present because those issues are not present on the face of the complaint); *Caterpillar*, 482 U.S. at 392 (explaining federal question jurisdiction exists "only when a federal question is presented *on the face of the plaintiff's properly pleaded complaint*" (emphasis added)).

**C. Kennedy's State Court Complaint**[3]

Kennedy's complaint utterly fails to disclose a basis for federal question jurisdiction. Her complaint contains one reference to federal law: in paragraph 14 of the "Facts" section, Kennedy alleges "Brock & Scott sent, to "Occupants", a Notice to Vacate within ten days on or about April 2, 2013. Upon information and belief, said Notice does not meet the requirements of the Protecting Tenants [a]t Foreclosure Act." Compl. [DE-1-2] ¶ 14. As recited above, her claims include state law claims for breach of lease, wrongful interference with contract, intentional infliction of emotional distress, and unfair and deceptive trade practices, as well as requests for preliminary injunctive relief. None of the numbered paragraphs underneath the causes of action contain any references to the Protecting Tenants in Foreclosure Act, much less explain how the claims depend upon some construction of the PTFA or other federal law. *See Caterpillar*, 482

---

[3] In removed cases, subject matter jurisdiction is determined based on the complaint as filed at the time of the removal. Subsequent amendment cannot confer jurisdiction. *See, e.g.*, *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998).

5

U.S. at 392 (explaining federal question jurisdiction exists "only when a federal question is presented *on the face of the plaintiff's properly pleaded complaint*" (emphasis added)). While it is true that the factual allegations contain an allegation that Brock & Scott's "Notice to Vacate" did not comply with the PTFA, that allegation is not sufficient to satisfy federal question jurisdiction.

Because all of Kennedy's claims are state law claims, Kennedy's claims must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Under the well-pleaded complaint rule, these elements must be evident from the face of Kennedy's complaint. *See Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011); *Dillon v. Medtronic, Inc.*, ___ F. Supp. 2d ___, 2014 WL 37759, at *4 (E.D. Ky. Jan. 6, 2014). That is simply not the case here.

Kennedy's allegation that Brock & Scott (acting on behalf of Fannie Mae) violated the PTFA may have absolutely nothing to do with any of Kennedy's state law breach of lease and unfair and deceptive trade practices claims. At least, nothing on the face of the complaint indicates that any of the claims are dependent on the PTFA. For this reason, the complaint does not demonstrate that the federal issue in this case is "necessary" to Kennedy's claims, nor does the complaint reveal that the PTFA issue is "important to the federal system as a whole." *See Gunn*, 133 S.Ct. at 1066 (explaining substantiality under *Grable* focuses on the importance of the issue to the federal system generally, not to the individual case under consideration). Moreover, even a cursory review of the complaint reveals that these claims are grounded firmly in landlord-

6

tenant law, an area of law traditionally administered by the states. *Joy v. Daniels*, 479 F.2d 1236, 1243 (4th Cir. 1973). Thus, allowing the PTFA issues in this particular case to provide a basis for federal question jurisdiction conceivably could disturb the balance of state and federal judicial responsibilities. *See Grable*, 545 U.S. at 319 ("A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts."). Accordingly, the court finds Kennedy's complaint does not raise a substantial issue of federal law under *Grable*.

The removal notice and the parties' briefing on the motions to dismiss, on the other hand, demonstrate that the central issue in this litigation is the proper application of the PTFA to Kennedy's circumstances. Although Fannie Mae suggests the court should consider these materials, the court is plainly precluded from doing so under the well-pleaded complaint rule. As noted above, the court's inquiry regarding federal question jurisdiction begins and ends in most circumstances with the allegations contained "on the face" of the complaint. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court."); *Caterpillar*, 482 U.S. at 392 (explaining federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996) ("[W]e recognize that the 'well-pleaded complaint rule' ordinarily directs us to look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.").

There are two exceptions, or "corollaries," to the well-pleaded complaint rule, neither of which apply to this case. Both exceptions allow for federal question jurisdiction even if the complaint's allegations fail to expressly raise a federal issue. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475-76 (1998). The first is known as complete preemption and it applies where federal law so completely occupies the relevant field that "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393. The Supreme Court has applied this exception to state law claims preempted by the Labor Management Relations Act and ERISA, among others. *See Taylor,* 481 U.S. at 64-67; *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 558-62 (1968) (as explained in *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust of Southern Cal.*, 463 U.S. 1, 22-26 (1983)). Importantly, the complete preemption exception applies only where federal law provides a separate cause of action. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9-10 (2003). This is so because "[w]ithout a federal cause of action, there would simply be nothing into which to convert the plaintiff's state-law claims" and a plaintiff would be "'forced into federal court with no relief available [because the state law claim would be preempted but no substitute federal cause of action exists].'" *Dillon*, 2014 WL 37759, at *5 (quoting *Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 788 (7th Cir. 2002)).

The second exception to the well-pleaded complaint rule is known as the "artful pleading" exception. Artful pleading occurs where a plaintiff, desirous of avoiding federal court, carefully pleads around substantial federal issues in the complaint. *See Rivet*, 522 U.S. at 475. "What, if any, independent work this doctrine does . . . remains a mystery." *Dillon*, 2014 WL

8

37759, at *6. The Supreme Court has characterized the complete preemption exception as an application of the artful pleading doctrine but beyond that the doctrine has not been entirely explained. *Rivet*, 522 U.S. at 475; *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561-63 (6th Cir. 2007) (concluding "artful pleading and preemption are closely aligned"). Whatever the precise contours of the doctrine may be, however, most courts considering the exception have concluded that this exception also requires a federal cause of action that has been pled around. *Mikulski*, 501 F.3d at 561; *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1092 n.12 (C.D. Cal. 2005) *aff'd*, 446 F.3d 1011 (9th Cir. 2006); *Dillon*, 2014 WL 37759, at *6. As the Eastern District of Kentucky recently observed, "without an alternative federal cause of action there would be nothing to plead around. There is no artifice in failing to plead a claim that does not even exist." *Dillon*, 2014 WL 37759, at *6.

These exceptions do not apply to Kennedy's complaint because the PTFA—the only federal issue raised in Kennedy's entire complaint—does not create a private civil cause of action. *See Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 158-60 (6th Cir. 2014). Because the PTFA does not create a federal cause of action, Kennedy's state law claims cannot be completely preempted by the PTFA or transparent attempts to avoid pleading a claim based on the PTFA because such a claim simply does not exist. Therefore, these narrow exceptions to the well-pleaded complaint rule do not serve as a basis for federal question jurisdiction in this case.

## C. Fannie Mae's Charter

Although Fannie Mae does not argue that its charter automatically confers federal jurisdiction, the court briefly addresses this issue. Fannie Mae's statutory charter authorizes

9

Fannie Mae "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal . . . ." 12 U.S.C. § 1723a(a). If "in any court of competent jurisdiction" refers to the subject matter jurisdiction of the relevant state or federal court, § 1723a(a) cannot be an automatic conferral of federal jurisdiction because the subject matter jurisdiction of the federal courts is limited by, among other things, the federal question and diversity statutes. 28 U.S.C. §§ 1331, 1332. Thus, reading the phrase "of competent jurisdiction" as requiring subject matter jurisdiction for purposes of § 1723a(a) means that Fannie Mae can only sue or be sued in federal court when an independent basis for federal subject matter jurisdiction exists. *Fed. Nat'l Mortg. Ass'n v. Davis*, 963 F. Supp. 2d 532, 543 (E.D. Va. 2013).

On the other hand, if the phrase refers to some other form of jurisdiction (e.g., personal jurisdiction), then the statute may be read as an automatic conferral of federal subject matter jurisdiction. At least one federal court of appeals has so held. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779, 784-87 (D.C. Cir. 2008). In a detailed analysis, the D.C. Circuit concluded that the phrase "competent jurisdiction" in § 1723a(a) did not refer to the court's subject matter jurisdiction, thereby rendering the statute an automatic congressional conferral of subject matter jurisdiction in any case in which Fannie Mae is a party. *Id.*

In a widely-praised concurrence, Judge Brown disagreed with this holding. After a comprehensive review of the relevant statutory text and Supreme Court precedent, Judge Brown concluded that "competent jurisdiction" refers to the court's subject matter jurisdiction. *Id.* at 796-800. A growing number of district courts have refused to follow the majority opinion in

10

Case 4:13-cv-00203-F   Document 21   Filed 08/11/14   Page 10 of 12

*Pirelli*, instead adopting Judge Brown's reasoning in her concurrence or otherwise disagreeing with the *Pirelli* majority's reasoning. *See, e.g.*, *Davis*, 963 F. Supp. 2d at 541-43; *Fed. Home Loan Bank of Chi. v. Banc of Am. Funding Corp.*, 760 F. Supp. 2d 807, 809-10 (N.D. Ill. 2011); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1286 (W.D. Wash. 2010); *Rincon Del Sol, LLC v. Lloyd's of London*, 709 F. Supp. 2d 517, 523-25 (S.D. Tex. 2010).

The court sees no reason to repeat the thorough analysis in Judge Brown's *Pirelli* concurrence or in the district court opinions. The court adopts the reasoning of Judge Brown's concurrence and joins the list of district court cases refusing to follow *Pirelli*. Thus, the court finds that "competent jurisdiction" for purposes of § 1723a(a) refers to a federal court's subject matter jurisdiction and, therefore, an independent basis for federal jurisdiction must exist before a suit involving Fannie Mae may be brought in (or removed to) federal court.[4] As explained above, no independent basis for federal jurisdiction exists in this case.

## CONCLUSION

For the foregoing reasons, the court does not have subject matter jurisdiction over this case. The removal was improper, and the case is REMANDED to Pitt County Superior Court,

---

[4] The court notes that this is not true of Fannie Mae's sister organization, Freddie Mac. The statutory charter for Freddie Mac contains a provision that is an express conferral of federal question jurisdiction in every case in which Freddie Mac is a party, separate and apart from the "sue or be sued" provision. 12 U.S.C. § 1452(f); *Mik*, 743 F.3d at 156. Of course, this provision also suggests that the "sue or be sued" language in Fannie Mae's charter does not automatically confer federal jurisdiction. If Congress provided an express automatic conferral of subject matter jurisdiction for Freddie Mac but not Fannie Mae, the court can only conclude that such an omission was intentional, given the similarity of the organizations. *See Pirelli*, 534 F.3d at 799 (Brown, J., concurring) ("We should be reluctant to disregard this important difference in language—especially when the two provisions containing the disparate language appear in the same title of the U.S. Code and involve such interrelated organizations as Fannie Mae and Freddie Mac.").

Greenville, NC. Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is DIRECTED to mail a certified copy of this order of remand to the Clerk of Pitt County Superior Court. The pending motions to dismiss [DE-9, -13] are DENIED as moot, but without prejudice to raise them again in state court. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 11th day of August, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge